# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52311-6-II |
| Respondent, | |
| v. | |
| GUADALUPE CRUZ CAMACHO, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, J. — Guadalupe Cruz Camacho appeals from the legal financial obligations (LFOs) imposed by the trial court following his convictions for two counts of unlawful possession of a controlled substance with intent to deliver. He argues that the trial court improperly imposed attorney fees and defense costs and a criminal filing fee. The State concedes that under the 2018 amendments to the LFO statutes[1] and *State v. Ramirez*,[2] remand for the court to strike the court-appointed attorney fees and defense costs and the criminal filing fee is required. We accept the State's concession and remand this case to the sentencing court to strike the attorney fees and defense costs and criminal filing fee. Cruz Camacho raises other issues in a statement of additional grounds for appeal[3] (SAG); these arguments fail.

---

[1] LAWS OF 2018, ch. 269.

[2] 191 Wn.2d 732, 747-49, 426 P.3d 714 (2018).

[3] RAP 10.10.

FACTS

In October 2013, Cruz Camacho was convicted of two counts of unlawful possession of a controlled substance with intent to deliver. Based on an offender score of 1 for each offense, the trial court imposed exceptional sentences of 96 months in custody for each count to be served concurrently and to two 24-month school bus route stop enhancements, also to be served concurrent to each other, for a total term of confinement of 120 months.[4] The court also ordered Cruz Camacho to pay various LFOs.

Cruz Camacho appealed. *See State v. Espinoza*, No. 45491-2-II (Wash. Ct. App. Aug. 1, 2017) (unpublished), http://www.courts.wa.gov/opinion/pdf/D2%2045491-2-II%20Opinion.pdf, *review denied*, 189 Wn.2d 1030 (2017). We affirmed his convictions but held that Cruz Camacho had received ineffective assistance of counsel at sentencing because his defense counsel failed to argue that the two current offenses were same criminal conduct. *Id.* at 51. We also held that the sentencing court erred by imposing discretionary LFOs without inquiring into Cruz Camacho's ability to pay. *Id.* We reversed Cruz Camacho's sentence and remanded for resentencing. *Id.* at 53.

On February 7, 2018, more than four years after Cruz Camacho's conviction, the sentencing court resentenced Cruz Camacho based on a revised offender score of 0 and reconsidered the LFOs. The State requested the same sentence. Defense counsel asked for a sentence that would allow Cruz Camacho to be released immediately.

The sentencing court resentenced Cruz Camacho to 90 months of custody on each count to run concurrently and to 24 months for the enhancements to run concurrently, for a total term of

---

[4] The court also imposed 12 months of community custody.

confinement of 114 months.  The court also imposed a $500 crime victim assessment, a $100 deoxyribonucleic acid database fee, $700 court-appointed attorney fees and defense costs, and a $200 criminal filing fee.

Cruz Camacho appeals his LFOs.

## ANALYSIS

### I. LFOs

Cruz Camacho argues that under the 2018 amendments to the LFO statutes and *Ramirez*, we should strike the $700 attorney fees and defense costs and the $200 criminal filing fee because Cruz Camacho is indigent.  The State agrees.  We accept the State's concession and remand this case to the sentencing court to strike the attorney fees and defense costs and the criminal filing fee.

### II. SAG

In his SAG, Cruz Camacho appears to ask us to address whether his trial counsel was ineffective at trial.  But this appeal is from the resentencing, not the trial, so we decline to address any ineffective assistance of counsel claims not related to the resentencing hearing.

Cruz Camacho also asks for assistance with a pending immigration case.  This request is outside the scope of this appeal.

Finally, Cruz Camacho requests release "without probation" to his primary address in California.  SAG at 1.  To the extent he is asserting that the sentencing court should not have imposed community custody, that argument fails because one year of community custody was required under RCW 9.94A.701(3)(c).

No. 52311-6-II

Thus, Cruz Camacho is not entitled to relief based on any of the issues raised in his SAG. But we remand this case to the sentencing court to strike the attorney fees and defense costs and the criminal filing fee.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

WORSWICK, P.J.

GLASGOW, J.

4